UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK A. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-CV-01274-NCC ) |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Mark A. Jones ("Plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* and for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 20) and Defendant has filed a brief in support of the Answer (Doc. 25). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 9).

## I. PROCEDURAL HISTORY

Plaintiff filed his applications for SSI and DIB on August 6, 2014 (Tr. 212-24). Plaintiff was initially denied on November 7, 2014, and he filed a Request for Hearing before an Administrative Law Judge ("ALJ") on December 11, 2014 (Tr. 142-46, 150-54). After a

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul shall be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

hearing, by decision dated August 2, 2017, the ALJ found Plaintiff not disabled (Tr. 114-39). The Appeals Council granted Plaintiff's request for review and, upon review, issued an unfavorable decision on June 7, 2018 adopting the ALJ's findings and conclusions regarding whether the Plaintiff is disabled (Tr. 1-8). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 21, 2018, and that Plaintiff has not engaged in substantial gainful activity since July 1, 2015, the amended alleged onset date (Tr. 120). The ALJ found Plaintiff has the severe impairments of coronary artery disease and affective disorder, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 120-21).

After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work[2] with the following limitations (Tr. 122-23). Plaintiff is limited to performing routine, repetitive tasks (Tr. 123). Plaintiff is able to occasionally interact with the public, co-workers and supervisors (*Id.*). The ALJ found Plaintiff unable to perform any past relevant work but that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including garment sorter, slot-tag inserter, and inspector (Tr. 131-32). Thus, the ALJ concluded that a finding of "not disabled" was

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 416.967(b), 404.1567.

appropriate (Tr. 133). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to

3

establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Id*. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's

4

conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff raises three issues.[3] First, Plaintiff asserts that the ALJ failed to properly evaluate opinion evidence (Doc. 20 at 3-10). Second, Plaintiff argues that the ALJ failed to properly evaluate step 2 when she found Plaintiff's chronic obstructive pulmonary disease (COPD) and asthma not to be severe impairments (*Id.* at

---

[3] Plaintiff does not raise any issues regarding his mental health impairments. Therefore, the Court will only address Plaintiff's arguments as they relate to his physical impairments.

10-13). Third, Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's RFC (*Id.* at 13-15). Because the ALJ failed erred in not finding that Plaintiff's COPD and asthma are severe impairments, the Court will only address this issue.

At Step 2, the Commissioner must determine whether a claimant has a severe impairment. "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. While a claimant has the burden of showing a severe impairment that severely limits his physical or mental ability to perform basic work activities, the burden "is not great" and "[t]he sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his] ability to work." *Caviness*, 250 F.3d at 605. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b).

The Court finds the ALJ's determination regarding Plaintiff's severe impairments not to be supported by substantial evidence. First, Plaintiff listed asthma as an impairment on his application (Tr. 53, 270). *See c.f. Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001) (observing that a failure to allege depression in an application for benefits is significant, even if the evidence of depression was later developed). Plaintiff also put asthma and COPD as his first and second impairments, respectively, on his disability report, and stated during his hearing testimony that he had breathing problems (Tr. 28, 245). In his Function Report, Plaintiff expanded, stating "I can not [sic] lift with ease, stand for long periods, bend, walk more than a few steps before [I] need to catch my breath" (Tr. 295). Plaintiff also frequently reported to medical professionals that he had issues with shortness of breath, wheezing and cough (Tr. 553, 635, 642). Plaintiff's self-reporting is supported by his alternative diagnoses for asthma and

COPD (Tr. 572, 643). The Administration's own medical consultant also listed Plaintiff's COPD as a severe impairment (Tr. 57).

Second, the record establishes that Plaintiff's asthma and COPD constitute "more than a minimal impact on [his] ability to do work." *Caviness*, 250 F.3d at 605. As a preliminary matter, although not controlling, the prior agency decision indicates that Plaintiff has the severe impairment of asthma (Tr. 92). Here, the ALJ indicated that while Plaintiff suffers from asthma and COPD that required hospitalizations, Plaintiff "showed significant improvement with treatment" and his "conditions were generally under control with medication" (Tr. 120). Indeed, Plaintiff was prescribed an extensive regiment of medications for his respiratory impairments including Advair, ProAir, Ventolin, Nitrostat, Singulair, Prednisone (Tr. 249, 273, 332, 555, 574, 730, 735). However, the record does not support the ALJ's conclusion that the respiratory issues were controlled by medication. Indeed, instead of resolving with treatment, records from the alleged onset date forward indicate an increase in the severity of the impairment. Plaintiff is noted as having exacerbated COPD and severe persistent asthma (Tr. 581, 587, 727). In September 2015, Plaintiff was referred to pulmonary and prescribed Prednisone after complaining of shortness of breath, wheezing, and cough "which are typical for his asthma" (Tr. 553). Treatment notes indicate Plaintiff had a cough, dyspnea, wheezing, sputum, shortness of breath, and decreased breath sounds (Tr. 561, 566, 575, 584, 730). Plaintiff sought emergency treatment for his breathing problems on multiple occasions (Tr. 1086, 1146, 1151, 1208, 1284), resulting in hospitalizations in July 2015 (Tr. 981) and in November 2015 (Tr. 1167). Upon a thorough and detailed review of these records, the ER visits significantly undercut the ALJ's assertion that Plaintiff's breathing condition was controlled by medication. For example, in November 2015, Plaintiff was taken to the ER by ambulance for shortness of breath that started

suddenly about an hour prior to arriving at the ER (Tr. 1213). Plaintiff took his albuterol treatment at home but "it did not help" (*Id.*). Plaintiff received one round of treatment with no relief, received multiple additional breathing treatments with limited success, and was ultimately admitted (Tr. 1213-14). Similarly, in an ER visit in January 2016, the physician noted, "has been increasing use of albuterol and nebulizer . . . with minimal relief" (Tr. 1290). Although in his response Defendant correctly notes that Plaintiff smokes cigarettes, this issue is properly addressed in the evaluation of Plaintiff's subjective complaints not when analyzing whether the underlying pulmonary issues are severe impairments (Doc. 25 at 10). *See* Tr. 554 ("Current every day smoker"). *Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008). Finally, as noted in the various discharge instructions throughout Plaintiff's medical records, COPD is "progressive and irreversible" (*See, e.g.* Tr. 1164).

Third, and perhaps most importantly, the ALJ did not consider Plaintiff's asthma and COPD when determining his RFC. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). *See also Brockman v. Berryhill*, No. 2:16-CV-00032 JAR, 2017 WL 4339502, at *4 (E.D. Mo. Sept. 29, 2017); 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."). The Commissioner asserts that the ALJ considered the impairments in her RFC determination when she limited Plaintiff to light work, " the second less strenuous type of work available" (Tr. 10). Indeed, the ALJ restricted Plaintiff to light work with some additional non-exertional limitations. The RFC does not include any exertional limitations apparently relating to Plaintiff's asthma or COPD. Interestingly, the non-binding prior agency decision included both exertional limitations

8

as well as limitations specifically addressing his breathing issues (*See* Tr. 95 (Plaintiff "must avoid concentrated exposure to chemicals, fumes, dust, dander, and mold"). Since that time, as addressed in more detail above, Plaintiff's breathing impairments have steadily worsened. *Cf. Givans v. Astrue*, No. 4:10-CV417-CDP, 2012 WL 1060123, at *17 (E.D. Mo. March 29, 2012) (holding that even if the ALJ erred in failing to find one of the plaintiff's impairments to be severe, the error was harmless because the ALJ found other severe impairments and considered both those impairments and the plaintiff's non-severe impairments when determining Plaintiff's RFC). In conclusion, the Court finds the ALJ's determination regarding Plaintiff's severe impairments not to be based on substantial evidence and consistent with Regulations and case law.

## V. CONCLUSION

For the reasons set forth above, the Court finds the ALJ's decision was not based on substantial evidence in the record as a whole and should be reversed and remanded. On remand, the ALJ is directed to reconsider Plaintiff's severe impairments at step two; further develop the medical record if necessary; and then proceed through the sequential evaluation process before issuing a new decision.

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment will accompany this Memorandum and Order.

Dated this 19th day of August, 2019.

      /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE